B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> R. Keith Johnson, Trustee <br> ATTORNEYS (Firm Name, Address, and Telephone No.) <br> R. Keith Johnson, P.A. <br> 1275 S. Hwy 16, Stanley, NC 28164 <br> (704) 827-4200 | **DEFENDANTS** <br> Danielle Anne Mergentime <br> ATTORNEYS (If Known) <br> Terry M. Duncan |
| PARTY (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | PARTY (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) – Recovery of Money/Property
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

FRBP 7001(2) – Validity, Priority or Extent of Lien
☐ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) – Approval of Sale of Property
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) – Objection/Revocation of Discharge
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) – Revocation of Confirmation
☐ 51-Revocation of confirmation

FRBP 7001(6) – Dischargeability
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

FRBP 7001(6) – Dischargeability (continued)
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

FRBP 7001(7) – Injunctive Relief
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

FRBP 7001(8) Subordination of Claim or Interest
☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
☐ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Danielle Anne Mergentime | BANKRUPTCY CASE NO.  17-30074 |||
| DISTRICT IN WHICH CASE IS PENDING  WDNC | DIVISION OFFICE  Charlotte || NAME OF JUDGE  J. Craig Whitley |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  *R. Keith Johnson* ||||
| DATE  June 22, 2017 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)  R. Keith Johnson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIELLE ANNE MERGENTIME | ) | CASE NO. 17-30074 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |
| R. KEITH JOHNSON, Trustee for the bankruptcy estate of Danielle Anne Mergentime | ) ) ) | ADV. PROC. NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT OBJECTING TO DISCHARGE |
| | ) | |
| v. | ) | |
| | ) | |
| DANIELLE ANNE MERGENTIME | ) | |
| | ) | |
| Defendant. | ) | |

**THE PLAINTIFF,** complaining of the Defendant, says as follows:

1. On 18 January 2017 Danielle Anne Mergentime (hereinafter "Debtor" or "Defendant") filed a voluntary Chapter 7 bankruptcy case in this Court.

2. The Plaintiff, R. Keith Johnson, is the duly appointed, qualified, and acting Trustee for the bankruptcy estate of the Debtor.

3. As this is a complaint objecting to the discharge of the Debtor, this is a core proceeding, and the Trustee consents to entry of final and dispositive orders by the Bankruptcy Court.

4. On Schedule B of her schedules and statements filed in this case, the Debtor indicated that she was the owner of a certain 2005 Acura automobile with a value of $6,075.00.

5. At the meeting of creditors in this case, the Debtor stated that she was not the owner of the 2005 Acura automobile.

6. On Schedule B of her schedules the Debtor indicated that she had a checking account at BB&T, ending in '8627', that was "lump sum Social Security payment for kids" with a balance on the date of filing of $24,658.00.

7. On her Schedule F in the schedules and statements the Debtor listed her former husband, Brian Mergentime, as a creditor in an unknown amount described as "marital debt."

8. On her Schedule J the Debtor indicated a car payment of $348.00 although no secured creditor was shown on Schedule D as relates to that automobile.

9. At the initial meeting of creditors in this case the Debtor testified that she was divorced from Brian

Mergentime in July, 2016, that she was married again in August, 2016 and that as of October, 2016 she was separated from her husband to whom she was married in August, 2016.

10. Due to the many questions surrounding the schedules and statements of the Debtor, the Trustee continued the meeting of creditors from 22 February 2017 to 12 April 2017, and requested that the Debtor provide certain additional information to the Trustee, including bank statements and a copy of the equitable distribution order relating to Brian Mergentime.

11. The Trustee reviewed the bank information provided by the Debtor and found that among other things, the attorney's fees paid by the Debtor to her attorney for this Chapter 7 case were paid from the "lump sum Social Security account for kids."

12. The equitable distribution order concerning the Debtor and Brian Mergentime was entered in the Cabarrus County District Court on 16 July 2015.

13. Upon a review of the equitable distribution order, at paragraph 11 the Trustee found as part of the order that "should Plaintiff (Danielle Mergentime) be approved for Social Security disability and receive a lump sum for retroactive pay, she shall share the net proceeds from the retroactive lump sum with Defendant (Brian Mergentime) equally."

14. At the continued creditors meeting in this case on 12 April 2017, the Trustee inquired as to whether or not the Debtor had received any such lump sum disability payment, and if so had she paid some of those proceeds to her ex-husband.

15. For the first time, the Trustee was advised that the Debtor had received a lump sum payment, post-petition, and that she had paid half of that to her ex-husband.

16. The Trustee requested that the Debtor provide her March statement for the Social Security account for her children, and a copy of any check representing payment to her ex-husband.

17. Upon receipt of the bank statement the Trustee learned that on 8 March 2017 (fourteen (14) days after the initial meeting of creditors) the Debtor had received a lump sum payment of $62,417.80.

18. The documents also showed that four (4) days after receipt of the lump sum, the Debtor had paid to her ex-husband, Brian Mergentime, pursuant to the equitable distribution order, the sum of $31,208.90.

19. Neither the receipt of the lump sum payment, nor the distribution of one-half (1/2) of same to her ex-husband was disclosed by the Debtor voluntarily, but was disclosed only after questioning by the Chapter 7 Trustee.

20. Upon questioning by the Trustee the Debtor testified that she had been involved in efforts to obtain disability payments for "many months."

21. Question 30 of Schedule B of the bankruptcy documents filed by the Debtor is captioned "Other amounts someone owes you," and gives as examples "unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers compensation, Social Security benefits, unpaid loans you made to someone else."

22. In response to question 30, the Debtor responded "No."

23. At the time that the Debtor responded to question 30, she was entitled to a lump sum distribution of Social Security benefits in excess of $60,000, and failed to disclose same.

24.     Post-petition, the Debtor received over $60,000 that she had not disclosed in Schedule B, and proceeded to disburse one-half (1/2) of that amount, without notice to the Trustee, and without Court approval.

25.     The transfer by the Debtor of more than $31,000 to her ex-husband, post-petition, was made with the intent to hinder, delay or defraud the Trustee of the estate who is charged with custody of property under Title 11, same being property of the estate, after the date of the filing of the petition.

26.     In her Schedule B the Debtor knowingly and fraudulently made a false oath or account by failing to disclose entitlement to more than $60,000 at the time of the filing of the bankruptcy case.

27.     The Debtor has made further false oaths and accounts as relates to automobiles, use of funds from the "kids Social Security account" and other matters.

**WHEREFORE,** the Trustee prays that the Court enter its order denying the discharge of the Debtor in this case.

This the 22nd day of June, 2017.

/s/ R. Keith Johnson
R. Keith Johnson, Trustee
and Attorney for Trustee
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200